# EXHIBIT D

# Toll Brothers
### America's Luxury Home Builder™

Jonathan G. Offenkrantz, Esquire

Direct Dial: (215) 938-8296
Fax: (215) 938-8255

January 22, 2007

**Via Fax and UPS Overnight**

Briarwood Farms, Inc.
5 Eastview Road
Monsey, New York 10952
Attn: Yosef Herskowitz
Fax: 845-364-0707

Donald Tirschwell, Esq.
108 New Hempstead Road
New City, New York 10956
Fax: 845-634-6962

Re:   Agreement dated November 7, 2005 (as amended, the "Agreement"), between
      Briarwood Farms, Inc ("Seller") and Toll Bros., Inc. ("Buyer")

Gentlemen:

On December 22, 2006, Buyer disapproved a number of unacceptable conditions of approval and requested their removal.

Seller's response letter of December 28, 2006 adequately addresses several of the open issues. However, other issues that were identified in the December 22, 2006 letter remain unresolved and Seller has indicated that it will not or cannot resolve them to our satisfaction in accordance with the terms of the Agreement. Specifically, your proposed resolution to Items 1, 4 and 5 are acceptable. However, Seller has refused to remove Items 2, 3, 6, 7 and 8 and, therefore, is unable to satisfy the conditions and contingencies of Closing. Each of these unresolved items is addressed more specifically below:

Item 2. We maintain our objection. Our understanding is that Klingher Court is not permitted for construction traffic, which construction traffic is only permitted through Lot 13. The revised condition that the developer repaves Klingher Court is unacceptable, as it gives the village the unrestricted right to require a complete resurfacing rather than requiring repair for damage actually caused. If the condition cannot be omitted, we will agree only to repair any damage caused by construction traffic as required by the initial plans sent during due diligence. Seller must bear the cost of any complete resurfacing, if required.

---

New York Stock Exchange • Symbol TOL
Corporate Office: 250 Gibraltar Road, Horsham, PA 19044
(215) 938-8000
tollbrothers.com

TB 009

Yosef Herskowitz
Donald Tirschwell, Esq.
January 22, 2007
Page 2

Item 3. We maintain our objection. As a general matter, Section 16(a)(iii) of the Agreement requires "satisfaction by Seller of any conditions of Final Approval, such that upon posting of customary security and payment of application and inspection fees by Buyer, Buyer may file the plat and commence infrastructure improvements and apply for and *obtain building permits*" (emphasis added). It is precisely this type of additional review and approval process which is intended to be addressed as part of the closing conditions, so that Buyer has comfort that all lots are fully developable without the need for further approvals.

Further, specifically regarding the "steep slope" ordinance, we understand that the application process and review standards are extensive and time consuming and there is no guaranty that any given lot would be approved for development with acceptable conditions. As you know, the village has the right to require the phasing of construction of improvements on each lot, additional inspections, and certifications of completion of each phase of development of each lot. In addition, the planning board has the right to relocate proposed improvements and/or to reduce building envelopes and may require issuance of letters of credit to secure completion of these lot improvements. Further, rock blasting might be prohibited and landscape mitigation might be required. We cannot evaluate whether any of these conditions would be acceptable until after the steep slop permits are issued.

Item 6. We maintain our objection. This requirement poses significant economic impact as it affects premium cul de sac lots. In addition to additional site improvements, there will be a diminution of value to these lots.

As indicated in Item 3 above, our Agreement requires issuance of full and final approvals. For information as to this requirement in particular, our due diligence indicated that these streets would be treated as a "local street" and a maximum grade of 10% slope could be maintained. The 4% requirement is a new and unacceptable condition.

Item 7. We maintain our objection. We do not believe omitting these lots from the purchase is an acceptable solution and we have not received any information or clarification on your other two proposals and cost estimates (for Seller's proposed reimbursement) to assess the merits. We are unclear as to who will be the beneficiary of any easements and who will be responsible for the maintenance of the drainage facilities.

Item 8. We maintain our objection. Once again, as indicated in Item 3 above, the Agreement requires full and final approvals. Any landscaping requirements would need to be specified and reviewed and approved by us prior to Closing.

As reflected in this letter, all contingencies and conditions in Section 16 of the Agreement cannot be satisfied by Seller. Therefore, Buyer hereby cancels the Agreement pursuant to Section 16(c). Alternatively, this letter shall also constitute written notice of Seller's default pursuant to Section 9 of the Agreement in Seller's failure to diligently in good faith pursue the satisfaction of all conditions to Closing required by Section 15(f).

Yosef Herskowitz
Donald Tirschwell, Esq.
January 22, 2007
Page 2

By copy of this letter, Buyer hereby requests that Isaac Scheiner, Esq., as Escrow Agent, return the Deposit letter of credit by overnight mail to the undersigned.

Thank you for you continued cooperation.

Very truly yours,

Jonathan G. Offenkrantz

cc: David M. Zigler (via fax – 845-634-5543)
    Isaac S. Scheiner, Esq (via fax and UPS overnight)
    Robert Parahus
    Elizabeth Stein
    Dan Zalinsky
    Thomas Hausle
    Kristine Maciolek Small, Esq.

TB 0011