# EXHIBIT E

Jan 30 2007 13:34   donaldtirschwell   8456346962   p.1

# DONALD TIRSCHWELL
*Attorney at Law*

106 NEW HEMPSTEAD ROAD *New City, New York 10956*   TEL. (845) 634-6067
FAX (845) 634-6962

January 30, 2007

**VIA FAX & MAIL**
Jonathan G. Offenkrantz, Esq.
Toll Brothers Inc.
250 Gibraltar Road
Horsham, Pennsylvania 19044
(215-938-8255)

  RE:  Agreement dated November 7, 2005 (as amended,
       the "Agreement"), between Briarwood Farms, Inc.
       ("Seller") and Toll Bros. Inc. ("Purchaser")
       Our File No. 136499

Dear Mr. Offenkrantz:

Reference is made to your January 22, 2007 letter.

Before dealing with each of the issues raised, this is to advise you that Seller disagrees with the conclusions of your referenced letter and is, by a copy of this letter to Isaac S. Scheiner, Esq., Seller is directing Isaac S. Scheiner, Esq. not to return the deposit letter of credit to Toll Bros. by overnight mail (or by any other means).

Item numbers correspond to your referenced numbered items.

**Item 2:** You indicate that Toll Bros. maintains their objection that Klingher Court is not permitted for construction traffic, which construction traffic is only permitted through Lot 13.

At the time that the Contract of Sale was signed, Atzl, Scatazza & Zigler's, Halley Estates II Plan reflected Note 31 which read and reads as follows:

> "The existing driveway on Lot 13 shall be utilized for construction equipment, supplies and workers from Call Hollow Road into this site. Project sign prohibiting delivery at Klingher Court shall be posted at Klingher Court and Call Hollow Road."

TB 004

**DONALD TIRSCHWELL**
*Attorney at Law*

Page 2

This note has not changed from the plan reviewed by Toll Bros. prior to executing the Contract of Sale, during Purchaser's due diligence, and any plans or any environmental submissions thereafter by the Seller.

In view of the fact that Toll Bros. has refused Seller's offer to repave Klingher Court after all construction has been completed, Seller's offer is withdrawn and Purchaser is obligated to go forward with the purchase and to abide by the conditions of the Subdivision Map Note 31.

Seller rejects Purchaser's objection to this Note, as the Note was "as clear as the nose on your face" at time Toll Bros. reviewed the proposed subdivision plat, during the due diligence period and has not changed in any manner, shape or form.

<u>Item 3:</u> During the due diligence period, Toll Bros. had the obligation and the opportunity of reviewing the Village's Subdivision Regulations and Zoning Code. The Zoning Code and subdivision regulations have not changed since the date the Contract was signed or since the date that the due diligence period expired. In order for the Purchaser to obtain building permits, Purchaser must comply with the Village Codes. It is impossible to comprehend Toll Bros. claiming that "they did not know that the gun was loaded". The referenced requirement "has been on the books" of the Village and if it was missed by Toll Bros., that is Toll Bros. fault and not an obligation of Seller or a basis for Toll Bros. to claim cancellation of the Contract of Sale.

The Village's steep slope ordinance does not permit the Village to deny a building permit, however, the steep slope ordinance does permit the Village Planning Board to require certain conditions as to those lots which are subject to the steep slope ordinance. Again, the steep slope ordinance was "on the books" when the Contract was signed and during a due diligence period.

Toll Bros. has no right to cancel the Contract because they failed to take notice of the Village's steep slope requirements.

<u>Item 6:</u> Your December 22, 2006 letter indicates that the December 31, 2005 memo, page 1, sheet 13, number 1, maximum slope of 4% must be carried in the cul-de-sac. This is a requirement of the Village Code and Subdivision Regulations. Toll Bros. requested

Jan 30 2007 13:34    donaldtirschwell                8456346962                    p.3

DONALD TIRSCHWELL
*Attorney at Law*

Page 3

and was granted a due diligence period during which period, Purchaser had the right to review of the

Village Codes, Laws, Subdivision Regulations, etc. Toll Bros. failure to discover that the maximum slope of 4% must be carried in the cul-de-sac, as required by the Village Code. If Toll Bros. was not granted a period of due diligence, then possibly one could understand the claim made in your letter, however, Toll Bros. conducted their due diligence, and if faulty, is not Seller's fault or a basis for a cancellation of the Contract of Sale.

Item 7: Toll Bros. objection with respect to item 7 relates to the fact that the Village is requiring a diversion of a stream.

As indicated in my letter, Toll Bros. engineers will verify the fact that during construction of Lots 26, 27 and 28, it would be impossible to have any meaningful erosion control to protect the offsite stream which is below the steep slope bank in the rear of those lots.

My letter indicated three (3) alternatives. Your January 22, 2007 letter indicates that you have not received any information or clarification on two (2) other proposals and cost estimate for Seller's proposed reimbursement to address the problem. Further, you indicate that you are unclear as to who will be the beneficiary of any easements and who will be responsible for maintenance of the drainage facilities.

Village easements that are dedicated to the Village, as indicated, are maintained by the Village of Pomona. It is hornbook law that maintenance of easements owned by the municipality are the municipality's responsibility and not the homeowners' responsibility.

Your letter indicates that there are no details for Seller's two (2) alternatives.

In the event Purchaser elects to omit the three (3) lots from the purchase, the formula for the reimbursement for lots to be omitted includes per lot proportionate reduction of the price, reimbursement of the cost of all subdivision public improvements. This is a simple calculation with all costs of installation of all of the public improvements divided by the number of lots,

TB 006

DONALD TIRSCHWELL
*Attorney at Law*

Page 4

times the number of lots omitted. If there is overhead associated with the installation of the public improvements, Toll Bros. would be entitled to reimbursement from the seller for 3/40th of such overhead costs.

By reason of fluctuating costs of materials such as asphalt, it is proposed that a closing escrow should be established to assure that if costs rise, Toll Bros. will be made whole.

Seller is willing to provide an agreement that three (3) omitted lots will not be improved by construction of dwellings until Toll Bros. has sold the homes on the remaining lots.

The second alternative is an appraisal of the value of the lots with the easement and the value of the lots without the easement, Seller granting a closing credit for the differential in the appraised value for each of the three (3) lots.

Item 8. Landscaping requirements are part of the Village requirements. The site landscaping requirement is part and parcel of the approval process. A claim of refusal to mark the trees for saving which are located within the proposed building envelope or area of disturbance, is contrary to a reasonable Village requirement. Certainly, if Toll Bros. is concerned about value of lots, lots have a greater value if there are more trees saved then destroyed. To make the entire building envelope devoid of any trees is not environmentally friendly, decreases the value of each of the lots and is a reasonable requirement by the Village.

This objection and the other objections clearly indicate that Toll Bros. has no intention of going forward with this transaction and is exploring a methodology pursuant to which Toll Bros. can claim that Seller was unable to fulfill the Contract of Sale. Seller submits that there are variables which do occur when there is an application pending for preliminary approval and that the Seller has fulfilled Seller's obligation with respect to each of the conditions.

Presumably, Toll Bros. will continue with their objections. Please confirm this fact so that the issue may be brought "to a head".

Jan 30 2007 13:34    donaldtirschwell         8456346962        p.5

DONALD TIRSCHWELL
*Attorney at Law*

Page 5

Should you have any questions relating to this matter, please do not hesitate to contact me.

Very truly yours,

Donald Tirschwell

DT/kab

cc: Briarwoods Farms, Inc.
    Isaac S. Scheiner, Esq.

TB 008