# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRIARWOOD FARMS, INC.,

                Plaintiff,

- against -

TOLL BROS., INC.,

                Defendant.

------------------------------------------------------------X

07 CIV. 3657 (CLB)

**ANSWER**

ECF CASE

    Defendant, Toll Bros., Inc., by and through its legal counsel, Bleakley Platt & Schmidt, LLP, answers the complaint as follows:

    1.    Denies the allegations contained in paragraph 1.

    2.    Admits the allegations contained in paragraph 2, except denies knowledge or information sufficient to form a belief with respect to the state of incorporation of the plaintiff.

    3.    Denies the allegations contained in paragraph 3.

    4.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 4.

    5.    Admits the allegations contained in paragraph 5.

    6.    Denies the allegations contained in paragraph 6, except admits the parties engaged in negotiations for the purchase of land in the Village of Pomona, Rockland County, New York, commonly referred to "Halley Estate II."

    7.    Admits the allegations contained in paragraph 7.

    8.    With respect to paragraph 8, admits that the parties entered into a contract of sale

for the land located in Pomona, New York, but denies the balance of the allegations contained therein and respectfully refers the Court to the contract to establish the material terms thereof.

9. Denies the allegations contained in paragraph 9.

10. With respect to paragraph 10, admits that defendant placed in escrow a $1.3 million letter of credit as a down payment under the contract, but otherwise denies the allegations contained therein and respectfully refers the Court to the contract to establish the material terms thereof.

11. With respect to paragraph 11, admits that the parties entered into a contract of sale, but denies the balance of the allegations contained therein and respectfully refers the Court to the contract to establish the material terms thereof.

12. With respect to paragraph 12, admits that the parties entered into a contract of sale, but denies the balance of the allegations contained therein and respectfully refers the Court to the contract to establish the material terms thereof.

13. With respect to paragraph 13, admits that the parties entered into a contract of sale, but denies the balance of the allegations contained therein and respectfully refers the Court to the contract to establish the material terms thereof.

14. With respect to paragraph 14, admits that the parties entered into a contract of sale, but denies the balance of the allegations contained therein and respectfully refers the Court to the contract to establish the material terms thereof.

15. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18, except admits that the defendant forwarded a letter to plaintiff dated December 22, 2006 to which plaintiff responded and respectfully refers the Court to said letters to establish the material terms thereof.

19. Denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20.

21. With respect to paragraph 21, admits that the plaintiff purported to dispute defendant's lawful cancellation of the contract and forwarded a letter to the defendant to that effect and refers the Court to said letter to establish the material terms thereof.

## ANSWERING THE FIRST CLAIM FOR RELIEF (BREACH OF CONTRACT)

22. With respect to paragraph 22, defendant repeats the responses previously set forth in paragraphs 1 through 21 as if set forth fully herein.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24 and respectfully refers the Court to the contract of sale to establish the material terms thereof.

25. Denies the allegations contained in paragraph 25, except admits that the defendant has lawfully and properly terminated the contract of sale with the plaintiff.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

## FIRST AFFIRMATIVE DEFENSE

30. Plaintiff breached the material terms of the contract of sale warranting defendant's lawful termination of same.

## FIRST COUNTERCLAIM FOR DECLARATORY AND MONETARY RELIEF

31. Defendant repeats the factual assertions contained in paragraphs 1 through 30 as if set forth fully herein.

32. Plaintiff breached paragraphs 15(f) and 16 (a)(iii) of the contract by failing to provide to defendant an unappealable subdivision approval without additional land use conditions so as to preclude the defendant, upon posting of the customary security and payment of municipal fees, from filing the subdivision plot, commence infrastructure improvements and apply for and obtain a building permit.

33. Pursuant to applicable contract provisions, by letter dated December 22, 2006, defendant provided plaintiff with timely notice of the aforesaid default and the opportunity to cure same.

34. Despite defendant's request, plaintiff refused to cure the default.

35. In response thereto, pursuant to paragraphs 9, 16 and 23 of the contract, by letter dated January 22, 2006, defendant timely cancelled the contract of sale and demanded the return of the $1.3 million contract deposit.

36. Plaintiff has breached the contract by refusing to recognize defendant's lawful termination of same and by specifically instructing the escrow agent in writing not to return the contract deposit.

37. As a result of plaintiff's breach of contract, defendant has suffered monetary damages of $1,300,000.

WHEREFORE, defendant Toll Bros., Inc. demands judgment as follows:

(1) Dismissing the complaint in its entirety;

(2) On its counterclaim a judgment (a) declaring the contract of sale terminated, (b)

4

directing plaintiff to authorize the escrow agent to return to defendant the $1,300,000 letter of credit or alternatively, (c) awarding monetary damages in favor of defendant and against plaintiff in the amount of $1,300,000, plus interest from the date of the breach;

    (3)    Together with an award to defendant of its cost and disbursements along with whatever further relief the court deems just and proper.

Dated: White Plains, New York
         June 15, 2007

                BLEAKLEY PLATT & SCHMIDT, LLP
                *Attorneys for Defendant*

                BY: _____
                    WILLIAM P. HARRINGTON (WH5262)
                ONE NORTH LEXINGTON AVENUE
                P.O. BOX 5056
                WHITE PLAINS, NY 10602-5056
                (914) 949-2700

TO:    JOSEPH J. HASPEL, ESQ.
        *Attorney for Plaintiff*
        40 MATTHEWS STREET
        SUITE 201
        GOSHEN, NY 10924
        (845) 294-8950