# EXHIBIT 4

2511

# VILLAGE OF POMONA
POMONA, N.Y. 10970

P.J. CORLESS, P.E. & P.L.S.
VILLAGE ENGINEER
Email: joe@corless.com

44 HALLEY DRIVE
POMONA, N.Y. 10970-2003
(845) 354-3322
FAX: (845) 354-3243

Memo to: Village Planning Board                                   December 30, 2005

cc:    Village attorney, planner, building inspector, David Zigler, PLS

Re:    Halley Estates-II RS, proposed 40 lots, TL#25.09-1-2
       Map dated 1/25/02, last revised (#8) 5/22/05, prepared by Atzl et al

    Overall, the plans are in accordance with the many discussions held with the Board over the past several meetings. If the Board does take action on the applicant's request for preliminary approval, it is recommended that the approval be conditioned on the applicant revising the plans to conform to the comments listed below. The chair should not sign the preliminary plat, until the plans have been made to conform to Village standards.

    Review of map submitted for Preliminary approval, 19 sheets total, 10 sheets reviewed as part of this submission.

Sheet No.1- cover sheet, dated 1/25/02, last revised #8, 5/22/05:

1. Applicant and owner should sign and date plans indicating agreement with submission made. The plan should indicate that there are 10 sheets in the set, which are approved by the Village Planning Board, and or its consultants;
2. Note #12 indicates that monuments are shown by a symbol but this symbol is actually on sheet 2. This note should be clarified;
3. Note #14 indicates that the future tax lot number will be shown here. I assume that the applicant will request the tax assessor to assign these numbers, prior to final approval, and show these numbers on the plat. It is suggested that the future post office address be provided as well;
4. Note #32- when will the conservation easement be filed? It is suggested that they be filed simultaneously with the plat;
5. Note #35- the potential damage to Klingher Court shall be documented by the applicant by photographs and a joint sight inspection, prior to commencing construction on site. If the road is damaged, in the opinion of the Village engineer, the developer shall install a 1-1/2" wearing course, curb to curb, for the entire length of Klingher Court;
6. Note #38- the applicant should file the NOI (notice of intent) and a storm water pollution prevention plan (SWPPP), prior to the submission for final approval. The SWPPP must be approved by the Village.
7. Note #41- this note should be revised to reflect the addition of drainage piping to the easterly side of Lot #25 and N/F Diamond;

*Memo to Village Planning Board*                *December 30, 2005*                                *continued*

8. A note should be added to the plat indicating the phases of construction discussed with the planning Board. The applicant should indicate the related requirements of the SWPPP related to maximum land clearing;
   a. All offsite work is to be completed first,
   b. then the drainage detention basin and the drainage pipe connection to the offsite work,
   c. then, the site work for the roads and related infrastructure, up to and including the base wearing course of asphaltic concrete, and
   d. lastly, individual building lots.
9. Article V, Section 118-22. B(1) requires 6" of topsoil on all disturbed areas. A note to this effect should be placed on the plat or waiver from the Board;
10. Section 118-23. H (9) requires 4' wide sidewalks on both sides of the road. The applicant should request the Planning Board to waive this requirement or show it on the road cross section;
11. Section 118-24 street lights and fire alarm signal devices. The applicant should request the Planning Board to waive these requirements or show them on the road cross section;
12. Section 118-24.D.(2) requires traffic control and street signs. These details should be shown on the plat;
13. Section 118-24.E. the sight easements should conform to this provision of the code;
14. This sheet, along with sheet 1, should be filed with the county clerk, after final approval;
15. The approval box for the Village Planning Board should be amended to conform to Section 118-24.L.

Sheet No.2- Preliminary Subdivision plat, dated 1/25/02, no revisions:
1. The note on Calls Hollow Road (County Highway #75) that refers to no access should be amended to reflect the location of the note on sheet 1. The note should be attached to all 3 existing vehicle access points on Calls Hollow Road;
2. Calls Hollow Road should be correctly identified, per RC Highway (not Call Hollow Road);
3. The final disposition of the structures on Lot #13 should be memorialized by a map note on this sheet. The existing sheds in the area to be dedicated to the county of Rockland should be removed, prior to the first building permit. A note memorializing that requirement should be added to this sheet;

Sheet No.3- Preliminary Grading plan, dated 3/15/01, no revisions:
1. The addition of drainage piping from DMH -18 easterly to the easterly property line of Lot #25 should be shown. Use 36" piping and provide a 25' wide drainage easement, centered over the pipe. Extend the pipe onto the Village drainage easement existing on N/F Georgiou, TL #25.09-1-14 and provide for headwall and a shaped and stoned drainage

      swale into the headwall to capture the runoff from the 2 existing 15" pipes. The 25' wide conservation area proposed along the southerly side of Lots 26 through 29 should not be impacted by this construction. Note #41, on sheet 1, should be reconciled with this addition. It is suggested that a head wall and 25' of 18" HDPE pipe be extended from the proposed drainage manhole to intercept the drainage swale at the Diamond westerly property line to intercept any drainage continuing along this swale. Additional drainage catch basin inlets should be provided, as appropriate, by lots 26 through 29 to intercept the sheet flow into the existing swale;

2. provide bearings and distances on the clearing limit lines shown;
3. How temporary is the 24" RCP on lot #3? When will is be removed or abandoned in place?
4. A note should be added indicating that the 23' wide offsite drainage piping easement is to be re-vegetated, prior to proceeding with construction on the detention basin.
5. HDPE pipe is acceptable to the Village and should be shown as an alternative on the detail sheet.
6. A reference to the dashed line shown behind lots 3 through 6 should be made. What it is, when installed, etc.
7. the reference to notes appearing on the subdivision plat is incorrect. Currently, the notes appear on sheet 1, the cover sheet;
8. When is the slope blanket to be installed?
9. The proposed clearing limit lines, on the westerly side of Klingher Court, appear to be too close to the proposed homes, particularly lots 2, 3 and 4 to allow normal construction activities. The applicant should re-visit those separation distances. A 25' clearing distance for construction equipment and related activities is reasonable;
10. The 25' wide conservation area should be delineated on lots 31-33 and 38-40. the same information should be shown for the lots adjacent to the project's boundary line;
11. The 5.7% driveway grade shown on the flat landing area adjacent to the garage on Lot #2 is too steep. The maximum grade should be 3% for 30'. The same comment applies to Lot # 37 and 39. The driveway grade for lot #26 is not legible.
12. The 2 notes shown related to drainage should be re-evaluated, since there is additional drainage proposed in this area.

Sheet No.4- Preliminary Grading plan, dated 3/15/01, no revisions:
1. the driveway grade is not shown for lot #8;
2. Add bearings and distances to the proposed clearing limit lines;
3. Clarify where the temporary sediment logs are to be installed, not just below interceptor swales. Specify what lot numbers;

Sheet No.5- Preliminary Grading plan, dated 3/15/01, no revisions:

Memo to Village Planning Board          December 30, 2005          continued

1. How does the existing garage for Lot#13 obtain vehicular access? Is the temporary construction driveway to be closed permanently? How will the existing driveway be restored? Will it be paved, during construction? Will this be the last lot to be constructed on the subdivision? Is the note related to review by the County Highway Department in conflict with note #25 on sheet 1?

Halley Estates II RS – Preliminary subdivision comments          4/6

TB 0058

*Memo to Village Planning Board*            *December 30, 2005*            *continued*

Sheet No.6- Preliminary Detention Grading and Landscaping plan, dated 3/15/01, no revisions:
1. Provide detail of drainage from headwalls to bottom of detention basin, including elevations and scour protection.
2. How heavy is the proposed "lift off" galvanized grate over the outlet structure? Why is the propose grade not level with the top of the structure, on the street side? The number of perforations in the under-drain pipe should be specified. Specify what drain guard is, on this sheet. Show elevations at key points on the perforated drains. Add a note that all landscaping, including fencing, is to be completed, prior to the applicant proceeding with requests for building permits. Specify the finished surface (8% grade) of the service road to provide vehicle access, without rutting, etc.
3. Correct the direction of flow on 36" RCP;
4. Add a note that a licensed landscape architect certification will be required on the plantings for the detention basin.
5. What is the reference to various pages on the specifications for detention? The design engineer of record should review, approve, sign and seal this sheet for conformity with his design.

Sheet No.7- disturbed slope map, dated 3/15/01, no revisions:
1. there are several lots (7) shown which will have disturbances in the 35% slopes. Will these lots require steep slope variances?

Sheet No.8- tree map, dated 3/15/01, no revisions:
1. Is there any protection provided for the Herring homestead?
2. What is the typical landscaping intending to show? Only street trees? The note is not clear.

Sheet No.9- preliminary erosion control plan, dated 3/15/01, no revisions:
1. Conceptually this plan is acceptable. However, prior to final, a detailed plan will have to be developed and submitted for review and approval;
2. The phasing of construction, listed as I through IV and there is another phasing of disturbed areas labeled 1, 2 and 3. These phases should be more closely integrated to avoid confusion in the field with the contractor. For example, in Phase I, task C indicates sewer and road grading, but the roads are not cleared until phase 3. When are the roads to be cleared? Under what task? There will be too much open area to meet the NYSDEC standards, under this proposal;
   a. Phase I, task A, should be more detailed. Where is CB#6? All offsite work must be completed, prior to moving onto the drainage outlet pipe to the detention basin. Specify when the check dams, shown along the drainage easement, are to be installed.
   b. Phase 1 should terminate at the construction and planting of the detention basin, item B. Item C should occur, after current Phase II is completed.

  c. Phase I, item E- how can soil overburden be stored on lot 30, if it hasn't been cleared?
  d. Why are lots 27 through 29 be completely cleared, as part of phase 1? Lot 28 is shown as clearing beyond the CLL.
  e. Is there any additional clearing to be done for the temporary access road into the site?
  f. Phase 2 should either be dimensioned or refer to another sheet, with dimensions.
  g. Phase IV, item k- the limit of disturbance, i.e. 5 acres, will require no more than 10 lots under construction, at any one time. A note to that effect should be placed in the general notes and on the erosion control notes;
  h. This overall proposal needs to be reviewed and resubmitted.

Sheet No.10- erosion control details, dated 3/15/01, no revisions:
1. Detail no. 4 should be eliminated and detail #7 used on this project.
2. Where is detail no.2 to be used?
3. Where is detail no.6 to be used?
4. Detail no.9- specify size of fabric and size of line posts. One fabric is depicted as different from the other? Is it?

Comments on the remaining sheets will be made, upon receipt of same:
  Sheet No.11 through 16- plan and profile;
  Sheet No.17- Calls Hollow Road details;
  Sheet No.18- Pomona construction details;
  Sheet No.19- tree list