# EXHIBIT 6(a)

# Chapter 118

# SUBDIVISION OF LAND

[HISTORY: Adopted by the Board of Trustees of the Village of Pomona 1-18-1969; amended in its entirety 2-8-1988 by L.L. No. 1-1988. Subsequent amendments noted where applicable.]

GENERAL REFERENCES

Planning Board — See Ch. 25.

Building construction — See Ch. 47.

Electrical standards — See Ch. 61.

Fees — See Ch. 67.

Flood damage prevention — See Ch. 79.

Sewers — See Ch. 110.

Streets and sidewalks — See Ch. 115.

Zoning — See Ch. 130.

Street specifications — See Ch. A134.

## ARTICLE I
## General Provisions

### § 118-1. Authority of Planning Board to approve plats.

Pursuant to the provisions of § 7-728 of the Village Law, the Board of Trustees authorizes the Planning Board to review and approve or disapprove subdivision plats showing lots, blocks or sites, with or without roads, within the area of the Village.

### § 118-2. Compliance required. [Amended 4-23-2007 by L.L. No. 5-2007]

A. Land within the Village of Pomona may be subdivided into lots, blocks or sites, with or without streets or highways, only if approved by the Planning Board in accordance with the procedures and requirements as set forth in this chapter and only if the approved plat is filed in the office of the County Clerk, County of Rockland. Construction, excavation, filling, regrading, clearing of vegetation or other similar activities related to a proposed subdivision shall not be commenced until a subdivision shall have been approved by the Planning Board and filed with the County Clerk.

B. In addition to the requirements of this chapter, every application for subdivision approval shall be in compliance with all other requirements of the Village Code, including but not limited to the provisions of Chapter 126 of this Code.

### § 118-3. Resubdivision.

A resubdivision, as defined herein, is subject to the same procedure, rules and regulations as are applicable to a subdivision.

### § 118-4. Policy; general requirements. [Amended 2-28-1994 by L.L. No. 1-1994]

It is declared to be the policy of the Village to consider land subdivisions as part of a plan for the orderly, efficient and economical development of the Village. Land to be subdivided shall be of such character that it can be used safely for building or development purposes without danger to health or peril from fire, flood or other menace and without resulting in significant damage to the ecology of the area in which it is located. Proper provision shall be made for drainage, water, sewerage, electric, telephone, gas and other needed improvements. The proposed streets shall compose a convenient and safe system and shall be properly related to potential streets on adjoining properties. Streets shall be of such width, grade and location as to accommodate the prospective traffic, to afford adequate light and air and to facilitate fire and police protection. Where the Planning Board has made a finding that a proper case exists for requiring that a park or parks be suitably located for playgrounds or other recreational purposes within the Village, it can require that the same be shown by the developer on the subdivision plat. The Planning Board shall require access to undeveloped lands when possible.

### § 118-5. Building permits.

No permit shall be issued for the erection of any building within a proposed subdivision until said subdivision has been duly approved by the Planning Board and filed in the office of the County Clerk.

### § 118-6. Modification of regulations.

Where the Planning Board finds that, because of the special circumstances of a particular case, extraordinary hardship may result from strict compliance with these regulations, it may modify the regulations so that substantial justice may be done and the public interest secured; provided, however, that any such modification will be consistent with the spirit and intent of these regulations and all Village laws. In permitting any such modification, the Planning Board shall attach such conditions as are, in its judgment, necessary to secure substantially the objectives of the standard or requirement so modified.

### § 118-7. Amendments.

A. These regulations may be amended by the Planning Board, after public hearing and subject to the approval of the Board of Trustees. Notice of the time, place and purpose of such hearing shall be given by publication in the official Village newspaper at least five days prior to the date on which it is to be held. A copy of the proposed amendment shall be placed on file in the office of the Village Clerk, where it shall be available for public inspection during normal working hours for at least five days before such hearing.

B. Applicability. Amendments adopted by the Planning Board shall take effect on the date of approval by the Board of Trustees or at such time as provided in the local law approving and adopting such amendments.

### § 118-8. Adoption of regulations.

In order that land may be subdivided in accordance with the authority, jurisdiction and policy as set forth above, these regulations are hereby adopted.

ARTICLE II

Definitions

§ 118-9. Terms defined.

For the purpose of these regulations, certain words and terms used herein are defined as follows (except where specifically defined herein, all words and terms shall carry their customary meaning):

BOARD OF TRUSTEES — The Board of Trustees of the Village of Pomona, New York.

BOULEVARD [Added 2-22-1999 by L.L. No. 3-1999] — Two roads or streets so situated that they are separated only by an land area or median:

A. Having a substantially constant width for the length of the two roads or streets which it separates; and

B. Which is insufficient to satisfy the bulk requirements of this Code for a building lot.

BUILDING LOT — Any lot upon which a principal building can be constructed in conformance with the requirements of the Zoning Law.[51]

CALIPER — The diameter of a tree trunk, generally measured in inches, at a height of three feet above ground level.

CODE ENFORCEMENT OFFICER — The Code Enforcement Officer of the Village of Pomona or his duly authorized representative.

CONSTRUCTION PLANS — The maps and engineering drawings, described in §§ 118-29 and 118-31 of this chapter, accompanying a subdivision plat and showing the specific location and design of improvements to be installed in the subdivision in accordance with these regulations.

EASEMENT — Authorization by a property owner for the use by another, and for a specified purpose, of any designated part of his property.

ENGINEER or LICENSED PROFESSIONAL ENGINEER — A person licensed as a professional engineer by the State of New York.

LOT — A parcel of land not divided by streets.

MAJOR SUBDIVISION — Any subdivision not classified as a minor subdivision, including but not limited to subdivisions of four or more lots, or any size subdivision requiring any new street or extension of municipal facilities.

MASTER OR COMPREHENSIVE PLAN — A comprehensive plan, prepared by the Planning Board pursuant to § 7-722 of the Village Law, which indicates the general locations recommended for various functional classes of public works, places and

---

[51]. Editor's Note: See Ch. 130, Zoning.

structures and the general physical development of the Village, and includes any unit or part of such plan separately prepared and any amendment to such plan or parts therein.

MINOR SUBDIVISION — Any subdivision containing not more than three lots fronting on an existing street, not involving any new street or road or the extension of municipal facilities and not adversely affecting the development of the remainder of the parcel or adjoining property and not in conflict with any provision or portion of the Master Plan, Official Map, Zoning Law or these regulations.

OFFICIAL MAP — The map established by the Board of Trustees pursuant to § 7-724 of the Village Law, showing streets, highways, parks and drainage, both existing and proposed.

PLANNING BOARD OR BOARD — The Planning Board of the Village of Pomona.

PLAT — A drawing, in final form, as described in § 118-30 of this chapter, showing a proposed subdivision and containing all of the information required by these or other applicable regulations and certified by a licensed land surveyor or registered engineer.

PRELIMINARY PLAT — A drawing or drawings, clearly marked "preliminary plat," showing the salient features of a proposed subdivision, submitted to the Planning Board for purposes of consideration prior to submission of the plat in final form and of sufficient detail to apprise the Planning Board of the layout of the proposed subdivision.

PROTECTED TREE — Any tree of historical value as determined by resolution of the Board of Trustees or any tree having a circumference of 45 inches or more measured at a height of 4 1/2 feet above existing ground level at the base of the tree on the uphill side. [Added 9-7-2004 by L.L. No. 4-2004]

RESUBDIVISION — Any change of existing property lines or of property lines shown on a plat approved by the Planning Board and filed in the office of the County Clerk.[52]

STREET — An existing state, county, town or Village road or highway or a street shown upon a plat approved by the Planning Board of the Village of Pomona.

STREET, COLLECTOR — A street which serves or is designed to serve primarily the function of carrying traffic from minor streets to major streets.

STREET, DEAD-END or CUL-DE-SAC — A street or a portion of a street with only one vehicular traffic outlet.

STREET, LOCAL — A street which serves or is designed to serve primarily as an access to abutting residential properties.

STREET PAVEMENT — The wearing or exposed surface of the street right-of-way designed to be used by vehicular traffic.

STREET RIGHT-OF-WAY WIDTH — The distance between property lines measured at

---

[52]. Editor's Note: The definition of "sketch plan," which immediately followed this definition, was repealed 2-28-1994 by L.L. No. 1-1994.

right angles to the center line of the street.

SUBDIVIDER — Any person, firm, corporation, partnership or association who shall lay out any subdivision or part thereof, as defined herein, either for himself or others.

SUBDIVISION — The division of any parcel of land, regardless of use, into two or more lots, plots, blocks, sites or parcels, with or without the creation of new streets, for the purpose, whether immediate or future, of transfer of ownership or building development, and shall include resubdivision as defined herein.

SUBDIVISION PLAT or FINAL PLAT — A drawing, in final form, showing a proposed subdivision and containing all information or detail required by law and by these regulations, to be presented to the Planning Board for approval and which, if approved, may be duly filed or recorded by the applicant in the office of the County Clerk.

SURVEYOR — A person licensed as a land surveyor by the State of New York.

VILLAGE CONSTRUCTION STANDARDS AND SPECIFICATIONS — The standards and specifications adopted by the Board of Trustees for the construction of streets and related subdivision improvements, and all amendments thereto.[53]

VILLAGE ENGINEER — The duly designated Engineer of the Village of Pomona.

ZONING LAW — The Zoning Law of the Village of Pomona, New York, and all amendments thereto.[54]

ARTICLE III

Application Procedure

§ 118-10. Steps outlined; time periods. [Amended 2-28-1994 by L.L. No. 1-1994]

A.  Whenever any subdivision of land is proposed and before any contract for the sale is carried out or title to any part thereof is transferred, the subdividing owner or his duly authorized agent shall proceed to secure approval of the proposed subdivision in accordance with the following steps:

    (1)  Preparation of preliminary plat.

    (2)  Preparation of final plat.

B.  The time within which public hearings are required to be held by the Planning Board shall be calculated from the date of completion of procedures required, if any, by the New York State Environmental Quality Review Act (SEQRA).[55]

---

[53]. Editor's Note: See Ch. A134, Street Specifications.

[54]. Editor's Note: See Ch. 130, Zoning.

[55]. Editor's Note: See Article 8 of the Environmental Conservation Law.

§ 118-11. Preliminary plat. [56] [Amended 2-28-1994 by L.L. No. 1-1994]

A. Application. Prior to requesting approval of a proposed final plat, the applicant shall file an application for approval of a preliminary plat on forms available from the Planning Board. Said application shall:

   (1) Be accompanied by an application fee, payable to the Village of Pomona, in the amount shown in the fee schedule as adopted by the Board of Trustees. Every subsequent submission of a new preliminary plat will be considered a new application and shall be accompanied by a new fee.

   (2) Include all land which the applicant proposes to subdivide and all land immediately adjacent extending 100 feet therefrom or of that directly opposite thereto extending 100 feet from the street frontage of such opposite land, with the names of owners as shown in the Village Clerk's office. Where the Planning Board determines the need, a larger portion of adjacent lands may be required to be shown.

   (3) Be accompanied by a minimum of 12 copies of the preliminary plat as described in § 118-28 of this chapter.

   (4) Be accompanied by a minimum of four copies of construction plans as described in § 118-29 of this chapter.

   (5) Be accompanied by a complete environmental assessment form or draft environmental impact statement, as required by the Planning Board under the New York State Environmental Quality Review Act (SEQRA).[57]

   (6) Be accompanied by complete drainage calculations in accordance with Rockland County Drainage Agency standards.

B. Field trip. After receipt of the application by the Planning Board clerk, but before the public hearing on the application, the Planning Board may schedule a field trip to the site of the proposed subdivision, accompanied by the applicant or his representative. In order to facilitate field inspection and review of the site of the proposed subdivision, temporary staking along the center line of all proposed roads in the subdivision will be required in time for such field trip, or, if impracticable, the Planning Board shall permit a suitable alternative procedure.

C. Planning Board action.

   (1) The Planning Board shall hold a public hearing within 62 days after the receipt of a complete preliminary plat application by the clerk of the Planning Board. Such hearing shall:

      (a) Be advertised at least once in the official Village newspaper at least five days

---

[56]. Editor's Note: Former § 118-11, Sketch plat, was repealed 2-28-1994 by L.L. No. 1-1994. This local law also provided for the renumbering of former §§ 118-12 through 118-28 as §§ 118-11 through 118-27.

[57]. Editor's Note: See Article 8 of the Environmental Conservation Law.

before such hearing.

- (b) Be noticed, by certified mail, return receipt requested, to each owner of the property within 500 feet of the perimeter of the subject property as indicated on the application for subdivision approval and at least 10 days prior to the public hearing.

- (c) Be advertised by the installation of four posters, furnished by the Planning Board Secretary, on the four closest public roads in visible locations surrounding the proposed subdivision at least 10 days prior to the public hearing.

 (2) The Planning Board shall, thereafter, approve, with or without modification, or disapprove such preliminary plat within 62 days after the public hearing. The grounds for a modification or for disapproval shall be stated upon the record of the Planning Board. Within five days of the approval of the preliminary plat, it shall be certified by the clerk of the Planning Board as having been granted preliminary approval, a copy filed in the clerk's office and a certified copy mailed to the owner. Notwithstanding the foregoing provisions, the time in which the Planning Board must take action on the preliminary plat may be extended by mutual consent of the applicant and the Planning Board.

D. Expiration of approval. Approval of a preliminary plat application expires if the owner has not submitted a proposed plat in final form within six months of the date of the approval of the preliminary plat.

### § 118-12. Final plat.

Application for final subdivision plat approval shall be filed with the Planning Board Secretary. Such application shall comply with the modifications, if any, required by the Planning Board at the time of preliminary plat approval and shall be submitted in duplicate on forms available from the Planning Board Secretary.

A. Items to accompany application. Application for final plat approval shall be accompanied by the following:

 (1) Twelve copies each of a final subdivision plat and final construction plans conforming to all requirements of §§ 118-30 and 118-31 of this chapter as well as all conditions, if any, of preliminary plat approval.

 (2) A final subdivision application fee, payable to the Village of Pomona, in the amount specified in the fee schedule as adopted by the Board of Trustees. Every subsequent submission of a new final plat shall be considered a new application and shall be accompanied by a new fee.

 (3) An affidavit of ownership, which shall include all contiguous holdings of the owner and the dates the respective holdings of land were acquired, together with the liber and page of each conveyance to the present owner as recorded in the Rockland County Clerk's office. The affidavit shall indicate the legal owner of the property, the contract owner of the property, the date contract of sale was executed and, if any corporations are involved, a complete list of all directors,

    officers and stockholders of each corporation owning more than 5% of any class of stock.

  (4) Where subdivision roads and/or other improvements are involved and where the applicant intends to post a performance bond or other acceptable security to cover the cost of improvements, a statement from the applicant's engineer giving the estimated cost of construction, together with the quantities and unit costs used in making the estimate. [Amended 2-28-1994 by L.L. No. 1-1994]

  (5) A list of any and all waivers of the provisions of these regulations which the applicant requests the Planning Board to grant in his specific case, with the reasons therefor.

B. Action by the Planning Board. [Amended 2-28-1994 by L.L. No. 1-1994]

  (1) If the final plat application submitted to the Planning Board is in substantial agreement with the preliminary plat previously approved, the Planning Board shall, by resolution, conditionally approve, with or without modification, disapprove or grant final approval and authorize the signing of such plat within 62 days of its receipt by the secretary to the Planning Board.

  (2) If the final plat application submitted to the Planning Board is not in substantial agreement with the approved preliminary plat, the Planning Board may: require further review under SEQRA;[58] hold a public hearing on such final plat within 62 days of receipt of the application, said hearing to be advertised in the official Village newspaper at least five days in advance of such hearing; or by resolution conditionally approve, with or without modification, disapprove or grant final approval and authorize the signing of such plat, within 62 days after the date of the public hearing. The grounds for any modification or disapproval shall be stated upon the record.

  (3) The time within which the Planning Board must take action on such plat may be extended by the mutual consent of the owner and the Planning Board.

C. Public hearing. In addition to the requirements of § 118-11C of the within code on public hearings, prior to such hearing the Planning Board Secretary shall: [Amended 2-28-1994 by L.L. No. 1-1994]

  (1) File a copy of the subdivision plat and construction plans at the Village Clerk's office for public review at least five days prior to the public hearing.

  (2) Submit a copy of the subdivision plat and final construction plans to the County Planning Board where a proposed road within the subdivision intersects with a state or county highway or where drainage lines connect directly into any channel lines established by the county, such plat and construction plans to be received at least 10 days prior to the date of the public hearing.

---

[58]. Editor's Note: See Article 8 of the Environmental Conservation Law.

D. Filing plat by sections. Prior to granting its approval, the Planning Board may permit or require the plat to be subdivided into two or more sections and may impose such conditions upon the delineation and filing of the sections as it may deem necessary to assure the orderly development of the plat. Approval of the sections, subject to any conditions imposed by the Board, shall be granted concurrently with approval of the plat. If the owner files only a section of an approved plat within 62 days of the date of approval, such section shall encompass at least 10% of the total number of lots contained in the approved plat. Within 30 days of the filing of a section of an approved plat with the County Clerk, the owner shall file the entire approved plat with the Village Clerk. The Planning Board may deny approval of any subsequent section if a prior approved section has not first been satisfactorily completed. [Amended 2-28-1994 by L.L. No. 1-1994]

E. Action by applicant. Based upon the Planning Board resolution, the applicant shall have the final subdivision plat and construction plans revised, if necessary, in accordance with said resolution, and submit 12 copies of such revised maps to the Planning Board Secretary.

F. Approval of construction plans. The construction plans, revised as necessary to meet the requirements of the Planning Board resolution, shall be endorsed by the Planning Board Chairman or other duly authorized member of the Planning Board as "approved" prior to the signing of the plat or the beginning of any construction work within the proposed subdivision.

G. Additional documents and information required. Prior to the endorsement of the Planning Board Chairman on the final subdivision plat, the following additional documents and information shall be submitted by the applicant:

  (1) An engineering inspection fee, payable to the Village of Pomona, as specified in the fee schedule adopted by the Board of Trustees.[59]

  (2) Where streets or park areas are included within the proposed subdivision, a formal offer of cession to the Village of all such streets and park areas, in form approved by the Village Attorney, except where the proposed final subdivision plat has a notation to the effect that no offer of dedication of such streets and park areas, or any of them, is made to the public. The applicant shall deliver a deed to all such lands in proper form for recording, together with a title policy for the Village of Pomona in a sum not less than $10,000, which sum shall be determined by the Village Attorney before the signing of the final subdivision plat.

  (3) (Reserved)[60]

  (4) A written agreement, in form satisfactory to the Village Attorney, permitting entry by the Village onto any streets, easements and park areas for the purposes

---

[59]. Editor's Note: See Ch. 67, Fees.

[60]. Editor's Note: Former Subsection G(3), which provided for payment of a recreation fee, was repealed 2-28-1994 by L.L. No. 1-1994.

of inspecting and installing any required improvements in the event of the failure of the applicant to make such installations or to properly maintain such installations until such time as the Village assumes the responsibility for them.

H.  Final approval of subdivision plat. Upon resolution granting conditional approval of a final plat, the Planning Board shall empower the Chairman or other duly authorized member to sign the plat, subject to completion of any requirements as may be stated in the resolution. Within five days of such resolution, the plat shall be certified by the secretary of the Planning Board as conditionally approved and a copy filed in such secretary's office. A copy of the resolution shall be mailed to the owner, which copy shall include a statement of such requirements which, when completed, will authorize the signing of the conditionally approved final plat. Upon completion of such requirements, the plat shall be signed by the Chairman or other duly authorized member of the Planning Board. Conditional approval of a final plat shall expire 180 days after the date of the resolution granting conditional approval, unless such requirements have been certified as completed. The Planning Board may, however, extend the time in which a conditionally approved plat in final form must be submitted for signature, if, in its opinion, such extension is warranted by the particular circumstances thereof. Such extensions shall not exceed two additional 90 day periods. [Amended 2-28-1994 by L.L. No. 1-1994]

I.  Filing plat with the County Clerk. The approved plat shall be filed with the Rockland County Clerk within 62 days of the date of Planning Board signing. Simultaneously with the filing of the plat, the Secretary to the Planning Board shall record the agreement of dedication, together with such legal documents as shall be required to be recorded by the Village Attorney. [Amended 2-28-1994 by L.L. No. 1-1994]

ARTICLE IV

Required Improvements and Agreements

§ 118-13. Completion of improvements. [Amended 2-28-1994 by L.L. No. 1-1994]

A.  Endorsement of final plat. After adoption of a resolution approving a final subdivision plat and before the plat is endorsed by the Planning Board Chairman or other duly authorized member, the applicant shall be required to complete, at his expense and without reimbursement by the Village or any special district, all street and other improvements as shown on the approved construction plans or otherwise specified in the resolution, except the final street wearing course and sidewalks, or, as an alternative, file with the Board of Trustees acceptable security, in an amount fixed by the Planning Board in its resolution, to secure to the Village the satisfactory construction, installation and completion of such improvements. All such improvements must be completed within three years of the date of the Planning Board resolution. All improvements shall be completed to the satisfaction of the Planning Board, in accordance with the approved construction plans, the requirements of these regulations and the Village construction standards and specifications.

B.  "Acceptable security" shall mean and be limited to: a performance bond issued by

a bonding or surety company; the deposit of funds in or a certificate of deposit issued by a bank or trust company located and authorized to do business in this state; an irrevocable letter of credit from a bank located and authorized to do business in this state; obligations of the United States of America; or any obligations fully guaranteed as to interest and principal by the United States of America, each having a market value at least equal to the full cost of such improvements. If not delivered to the Village, such security must be held in a Village account at a bank or trust company. Such security must be provided pursuant to a written security agreement with the Village, approved by the Village Board of Trustees and also approved by the Village Attorney as to form, sufficiency and manner of execution.

(1) Any such performance bond or security agreement shall run for a term to be fixed by the Planning Board, but in no case for a longer term than three years; provided, however, that the term of such performance bond or security agreement may be extended by the Planning Board with the consent of the parties thereto. If the Planning Board shall decide at any time during the term of the performance bond or security agreement that the extent of building development that has taken place in the subdivision is not sufficient to warrant all the improvements covered by such security, or that the required improvements have been installed as provided in this section and by the Planning Board in sufficient amount to warrant reduction in the amount of said security, and upon the approval by the Village Board of Trustees, the Planning Board may modify its requirements for any or all such improvements, and the amount of such security shall thereupon be reduced by an appropriate amount so that the new amount will cover the cost in full of the amended list of improvements required by the Planning Board.

(2) In the event that any required improvements have not been installed as provided in this section within the term of such security agreement, the Village Board of Trustees may thereupon declare said performance bond or security agreement to be in default and collect the sum remaining payable thereunder, and, upon the receipt of the proceeds thereof, the Village shall install such improvements as are covered by such security and as commensurate with the extent of building development that has taken place in the subdivision but not exceeding in cost the amount of such proceeds.

C. Issuance of building permits and certificate of occupancy.

(1) No building permit shall be issued until such time as all required public improvements, except for final wearing courses and sidewalks, if required, are completed to the satisfaction of the Planning Board. Thereafter, building permits for additional lots, other than the final 10% of all lots, may be issued upon the applicant's delivering to the Village of Pomona, in form satisfactory to the Village Attorney, such performance bond, letter of credit or other security agreement as provided for in the preceding subsections, in an amount equal to the total cost of the final road wearing course and sidewalks, if required, divided by the number of lots in the subdivision. No building permits shall be issued for the final 10% of all lots until all required public improvements are fully completed to the satisfaction of the Planning Board and dedicated to and