# EXHIBIT 6(d)

specified for such streets in these regulations, or where a subdivision borders an existing street planned for widening or realignment in such a way as to require the use of some land in the subdivision, the Planning Board may require the subdivision plat to show such areas, which shall be marked "reserved for street realignment (or widening) purposes." Land reserved for such purposes may not be counted in satisfying yard or area requirements of the Zoning Law.

C. Utility and drainage easements.

   (1) Where topography or other conditions are such as to make impractical the inclusion of utilities or drainage facilities within street rights-of-way, perpetual unobstructed easements of at least 20 feet in width shall be provided for such utilities or drainage facilities across properties outside the street lines and with satisfactory access to the street. Drainage easements shall extend from the street to the watercourse or other drainage facility and shall convey to the holder of fee title of the street the perpetual right to discharge stormwater runoff from the street and the surrounding area onto and over the affected premises by means of pipes, culverts or ditches, or a combination thereof, together with the right to enter said premises for the purpose of making such installations and doing such maintenance work as the holder of such fee title may deem necessary to adequately drain the street and the surrounding area.

   (2) When a proposed drainage system will carry water across private land outside the subdivision, appropriate drainage rights must be secured in a form satisfactory to the Village Attorney and suitable for recording in the office of the County Clerk.

D. Slope easements. Where determined appropriate by the Planning Board, said Board may permit an embankment alongside a proposed street to extend beyond the normal right-of-way of such street, provided that a slope easement is granted conveying to the holder of fee title of the street the right to enter the premises for the purpose of maintaining such slope. Where the embankment slope is located on private land outside the subdivision, such easement shall be permitted only where the appropriate rights have been secured in a form satisfactory to the Village Attorney and suitable for recording in the office of the County Clerk.

E. Sight easements. Sight easements shall be provided across all street corners, outside the street right-of-way, within the triangular area formed by the nearest edges of street pavement and a straight line between two points each 75 feet back from the theoretical intersection of the edges of such pavement prolonged. The easements shall provide that the holder of fee title to the abutting streets shall have the right to enter the easement area for the purpose of clearing, pruning or regrading so as to maintain a clear line of sight in either direction across such triangular area between an observer's eye 3.5 feet above the pavement surface on one street and an object one foot above the pavement surface on the other. The initial establishment of clear-sight lines within the sight easement area shall be the responsibility of the subdivider.

F. Easements for pedestrian access. The Planning Board may require, in order to facilitate pedestrian access from streets to schools, parks or neighboring areas, the reservation of perpetual unobstructed easements of at least 10 feet in width for such

purposes and the construction of walkways thereon.[67]

### § 118-27. Self-imposed restrictions.

The subdivider may place restrictions on any of the land contained within the subdivision which are greater than those required by the Zoning Law. Such restrictions shall be indicated on the final subdivision plat.

ARTICLE VI

Plat Details

### § 118-28. Preliminary plat.[68]

The preliminary plat, prepared by a licensed land surveyor, shall be clearly marked "preliminary plat," shall be drawn to a convenient scale but not less than one inch equals 100 feet and shall show the following information:

A. Proposed subdivision name or identifying title; name, address and endorsement of the property owner and subdivider (if other than owner); name and address of the surveyor and/or engineer preparing the plan; scale; approximate true North point; and date.

B. The location and dimensions of all property lines; the total acreage of the proposed subdivision; the location of any zoning, special district or municipal boundary lines affecting the subdivision; and the names of owners of record of properties adjoining and directly across the street from the proposed subdivision.

C. The location of all existing structures and pertinent features, including railroads, water bodies, watercourses, wetlands, rock outcroppings, wooded areas, trees having a circumference of 25 inches or more, and stone walls, that may influence the design of the subdivision, plus accurate topography at a vertical contour interval of not more than two feet. The topographic data shall be determined by field survey unless the Planning Board specifically waives this requirement and/or permits the substitution of topographic information obtained from other sources determined satisfactory by the Planning Board. The wetlands delineation shall be certified on the map and in the field by a licensed professional authorized by the New York State Department of Environmental Conservation to make such certifications. [Amended 4-23-2007 by L.L. No. 5-2007]

D. The location and status of existing streets, easements and rights-of-way (if any); proposals for the layout of new streets (including widths and approximate curve radii) and any proposed easements, rights-of-way and/or reservations.

E. The names of existing streets and proposed names for new streets.

---

[67]. Editor's Note: Former Subsection G, Street tree easements, as amended, which immediately followed this subsection, was repealed 8-14-2006 by L.L. No. 3-2006.

[68]. Editor's Note: Former § 118-29, Sketch plat, was repealed 2-28-1994 by L.L. No. 1-1994. This local law also provided for the renumbering of §§ 118-30 through 118-33 as §§ 118-28 through 118-31.

F.  The proposed arrangement of lots, including identifying section, lot and block numbers and approximate area and dimensions of each.

G.  Location, size and nature of any area proposed to be reserved for park purposes.

H.  A site location sketch, at a scale of one inch equals 300 feet, showing the general situation of the applicant's property with respect to surrounding properties and streets.

I.  No trees shall be removed from any subdivision nor any change of grade of the land effected until approval of the final plat has been granted. All trees on the plat required to be retained shall be preserved, and all trees, where required, shall be welled and protected against change of grade. A tree map showing the number and location of existing trees of 25 inches or more in circumference measured at a height 4 1/2 feet above existing ground level at the base of the tree on the uphill side shall be submitted with the preliminary plat, keyed to a table listing species, height and circumference. The map shall show the trees intended to be removed during construction for Planning Board approval. The Planning Board, in its discretion, may waive the requirement for individual tree identification where a large number of such trees are situated in an area that is to be preserved as shown with a clearing limit line. A protected tree, as defined in this chapter, shall be preserved unless such tree endangers the health or safety of any person or interferes with construction of a structure on the lot or is a dead tree as determined by a landscape architect or similar professional. The Planning Board may require relocation of a proposed structure on a lot in order to preserve such trees, provided that such relocation complies with the bulk and setback requirements of the Zoning Law. [Added 11-25-2003 by L.L. No. 9-2003[69]; amended 9-7-2004 by L.L. No. 4-2004]

J.  Where the preliminary plat includes only a portion of an applicant's contiguous holding, the applicant shall also indicate, on a sketch at a scale of not less than one inch equals 300 feet, the probable future street system, lot arrangement and location of park and other reservations for the remaining portion of the tract. Such sketch shall be for the purpose of guiding the Planning Board in reviewing the proposed preliminary plat and shall include topographic data, at a vertical contour interval of not more than 10 feet, plus any other information determined necessary by the Planning Board.

K.  Such additional information as may be required by these regulations, the Zoning Law or the Planning Board.

L.  Planning Board approval block as follows:

"Approved as preliminary plat by the Pomona Planning Board

_____ Chairman    _____ Date"

---

[69]. Editor's Note: This local law also renumbered former Subsections I, J and K as Subsections J, K and L, respectively.

§ 118-29. Preliminary construction plans.

The preliminary construction plans shall be drawn at the same scale as the preliminary plat and shall include the following information:

A. Location and sizes of any existing water, sewer, storm drainage and other utility lines and structures within and nearby the proposed subdivision.

B. The proposed system for the provision of water supply and fire protection facilities, sewage disposal, stormwater drainage and other utility services.

C. Proposed street profiles and cross sections showing the approximate grade of proposed streets, the relationship of existing to proposed grades and the proposed vertical curvature along the center line of all new streets. Where steep slopes exist, the Planning Board may require additional cross sections along the proposed street.

D. Location of all existing and proposed monuments and other subdivision improvements.

E. Existing and proposed contours at maximum vertical intervals of two feet.

F. A landscape plan prepared by a licensed landscape architect at an appropriate scale showing the location of trees to be planted to replace trees required to be removed because of the development of the subdivision and including a standard plant schedule showing common name, scientific name, size, quantity and nursery condition of all trees, shrubs and groundcovers proposed. [Added 9-7-2004 by L.L. No. 4-2004[70]]

G. Such additional information as may be required by these regulations, the Zoning Law or the Planning Board.

§ 118-30. Final subdivision plat.

The final subdivision plat shall be drawn clearly and legibly on transparent tracing cloth with black waterproof ink, at a scale no smaller than one inch equals 100 feet. The sheet size shall not exceed 36 inches 48 by inches. If the size of the proposed subdivision requires a drawing larger than this, two or more sheets may be submitted, with match lines clearly indicated, and an index map shall be prepared on the same size sheet. The final plat shall contain the following information:

A. Proposed subdivision name or identifying title; name and address of owner of record and of subdivider (if other than owner); identification and seal of the registered engineer or licensed land surveyor who prepared the plat; names of the owners of record of adjoining properties and of properties directly across the street; graphic scale; approximate true North point; and date.

B. The location and dimensions of all boundary lines of the proposed subdivision and all existing and proposed streets, lot lines, easements and rights-of-way, with sufficient data to readily determine the location, bearing and length of all such lines

---

[70]. Editor's Note: This local law also redesignated former Subsection F as Subsection G.

and to reproduce such lines upon the ground.

C. The names of all existing and proposed streets.

D. The locations of all water bodies and watercourses.

E. The location of all existing buildings, including identification of all buildings to be removed as a condition of plat approval.

F. The total acreage included in the entire subdivision, and the identification number and acreage of all lots and land reservations within the proposed subdivision.

G. Location of all existing and proposed monuments.

H. A site location map, at a scale of one inch equals 300 feet, showing the location of the subject property with respect to neighboring properties and streets.

I. Notations explaining any drainage, sight slope, road widening, park area or other reservations or easements, including any self-imposed restrictions or covenants.

J. Lot numbers as directed by the Village Assessor.

K. Endorsement of approval by the Rockland County Health Department or waiver of jurisdiction.

L. The following note: "No building permits shall be issued until such time as all required public improvements, except final road wearing courses and sidewalks, if required, are completed to the satisfaction of the Planning Board. Thereafter, certificates of occupancy for such model homes and building permits and certificates of occupancy for additional lots other than the final lots may be issued upon the applicant's delivering to the Village of Pomona, for each lot, in form satisfactory to the Village Attorney, a performance bond or other security agreement in an amount equal to the total cost of the final road wearing course and sidewalks, if required, divided by the number of lots in the subdivision, or upon the applicant's depositing such amount of cash with the Village of Pomona. No building permits shall be issued for the final 10% of all lots until all required public improvements are fully completed to the satisfaction of the Village Engineer and dedicated to the Village of Pomona." [Amended 2-28-1994 by L.L. No. 1-1994]

M. The following note: "No trucks in excess of 10,000 pounds gross weight shall be permitted to make deliveries to the site before 9:00 a.m. or after 6:00 p.m. Mondays through Fridays nor at any time during weekends and holidays." [Added 9-23-2003 by L.L. No. 7-2003]

N. The following note: "Any tree that is removed in violation of the clearing limit line, tree map or landscape plan shall be replaced with one or more trees of similar size and species to be determined by the Planning Board. No work shall be performed on the site until the Planning Board has approved a plan for tree replacement and has determined when such planting shall take place." [Added 9-7-2004 by L.L. No. 4-2004[71]]

---

[71]. Editor's Note: This local law also redesignated former Subsections N through P as O through Q, respectively.

O.  Endorsement of owner as follows:

   "Approved for filing:

   _____ Owner        _____ Date"

P.  Form for endorsement by Planning Board Chairman as follows:

   "Approved by resolution of the Pomona Village Planning Board Chairman

   _____ Chairman     _____ Date"

Q.  Such additional information as may be required by these regulations, the Zoning Law or the Planning Board.

§ 118-31. Final construction plans.

Final construction plans and profiles shall be prepared for all proposed streets and other required improvements. Plans shall be drawn at the same scale as the final plat and on the same size sheets, but not on the same sheets. The following information shall be shown:

A.  Plans and profiles showing the location and a typical cross section of street pavements, including curbs and gutters, sidewalks, manholes and catch basins; the location of street trees, streetlighting and street signs; the location, size and invert elevations of existing and proposed sanitary sewers, stormwater drains and fire hydrants; the location and size of all water, gas or other underground utilities or structures; and the location and design of any other required improvements.

B.  Profiles showing existing and proposed elevations along the center line of all streets. Where a proposed street intersects an existing street or streets, the elevation along the center line of the existing street or streets within 100 feet of the intersection shall be shown.

C.  The Planning Board may require, where steep slopes exist, cross sections showing existing and proposed elevations of all new streets every 100 feet at five points on a line at right angles to the center line of the street, said elevation points to be at the center line of the street, each property line and points 25 feet inside each property line.

D.  Location, size, elevation and other appropriate description of any existing facilities which will be connected to proposed facilities and utilities within the subdivision.

E.  Where the design of the subdivision requires the regrading of land, the regraded contours shall be shown along with estimates of the quantity of material to be added or removed and the proposed measures to be implemented by the subdivider to rehabilitate the disturbed area or areas.

F. Title of all sheets; name, address, signature and seal of licensed engineer preparing the construction plans; the date prepared, including revision dates if any; approximate true North point; scale; and consecutive numbering as "sheet ..... of ......"

G. A notation as follows:

"All specifications, materials and methods of construction to be in accordance with the Village construction standards and specifications and with the requirements of the Planning Board resolution of approval dated ....................., 19 ........."

H. A notation of approval on all sheets as follows:

"Approved by:

_____ Owner          _____ Date"

and

_____ Planning Board     _____ Date"

I. Such additional information as may be required by these regulations, the Zoning Law or the Planning Board.

**§ 118-32. Site plan approval. [Added 2-28-1994 by L.L. No. 1-1994]**

A. Planning Board approval. The Planning Board shall have the authority to impose such reasonable conditions and restrictions as are directly related to and incidental to a proposed site plan. The Planning Board shall require, with respect to every site plan, that the applicant take all necessary steps to assure that, during construction, all construction debris, materials and fill are either removed from the construction site or neatly secured on the site so that construction debris, materials and fill are contained within the lot and are not spread to other lots or onto public streets. Such requirement shall not be subject to waiver by the Planning Board. Additionally, the Planning Board may waive any other requirements that are found not to be requisite in the interest of the public health, safety or general welfare or to be inappropriate to a particular site plan. Where a proposed site plan does not comply with zoning regulations, application may be made to the Zoning Board of Appeals for an area variance without the necessity of a decision or determination by the Building Inspector. [Amended 9-22-1997 by L.L. No. 11-1997; 6-26-2000 by L.L. No. 4-2000]

(1) Approval of a site plan by the Planning Board is required for the development or redevelopment of any building, structure, lot or portion thereof for a new use, the expansion or relocation of any existing use or any change of use of a property or structure. Where site plan approval is required, applications for the issuance of a building permit or certificate of occupancy must be accompanied by a copy of the approved site plan. Approval of a site plan by the Planning Board shall not be required for development or redevelopment of a