EXHIBIT 7(b)

shall be in addition to any and all other fees required by law.

(2)    At the time of submission of any application for a site development plan permit, the applicant shall deposit with the Village Clerk an amount as set forth in the fee schedule adopted by the Board of Trustees,[75] to be held in escrow by the Village from which withdrawals shall be made to reimburse the Village for consultants' fees as set forth in Subsection B(1) above. When the balance in said escrow account is reduced to 1/3 of its initial amount, the applicant shall deposit additional funds with the Village Clerk to restore the balance to the amount of the initial deposit. A building permit or certificate of occupancy or use shall not be issued unless all application fees and consultants' fees charged in connection with the application have been paid to the Village. After all applicable fees and reimbursements have been paid by the applicant, the Village shall refund any amounts remaining in the escrow account.

(3)    Inspection fees shall be due and payable pursuant to the provisions of § 119-6B(1) and (2) hereinabove, whether such inspections are required during the pendency of the application for a site development plan permit or after the approval of the site development plan permit to determine compliance with the approved permit. [Added 10-28-2002 by L.L. No. 6-2002]

§ 119-7. Procedures for review and decision making.

A.    It is the intent of this chapter to incorporate the consideration of steep slope protection into the Village's existing land use and development approval procedures in conjunction with the procedures of the New York State Environmental Quality Review Act. To the maximum extent possible, the review, hearings and decisions upon any application processed under this chapter will run concurrently with similar procedures that the approving authority may undertake in connection with the other applications that are directly related.

B.    A preliminary informal consultation with the approving authority may be requested by the applicant so as to present his preliminary proposal and review comments on such proposal.

C.    During its review of the application, the approving authority will:

(1)    Determine if the application is complete.

(2)    Hold a public hearing in accordance with Subsection D hereof.

(3)    Review the application to determine that the requirements of this chapter have been satisfied.

(4)    Require posting of a letter of credit issued by a bank having offices in Rockland County as a condition of approval to cover losses or damages resulting from work performed under the permit, work performed in excess of that specified by the permit, or the failure to complete work specified by the permit;

---

[75]. Editor's Note: The fee schedule is on file in the Village offices.

the amount of such letter of credit to be approved by the Village Engineer, and the form thereof to be approved by the Village Attorney.

(5)     Approve, approve with conditions or deny the application, in accordance with the requirements of this chapter, within 60 days after the receipt of a complete application as specified in § 119-5 of this chapter, or after the close of a public hearing on that application, whichever is later. Nothing in this section is to be construed as authorization for a default approval in the event that these periods are exceeded.

(6)     Establish conditions of approval deemed necessary by the approving authority to satisfy the goals, objectives and review standards set forth in the findings and § 119-3 of this chapter including but not limited to the following:

(a) Lot layouts shall be designed so that sanitary sewage disposal systems entirely avoid areas of very steep and extremely steep slopes and are in compliance with all standards and regulations of the Rockland County Health Department.

(b) The padding or terracing of building sites, including mounding of septic tile fields, shall be minimized to the maximum extent practicable.

(c) The alignment of roads and driveways shall follow the natural topography, minimum regrading and comply with design standards for maximum grades set forth in the Village Code.

(d)     The natural elevations and vegetative cover of ridgelines shall be protected from disturbance to the maximum extent possible.

(e) All regrading shall blend in with the natural contours and undulations of the land.

(f) Cuts and fills shall be rounded off to eliminate sharp angles at the top, bottom and side of regraded slopes.

(g) The angle of cut and fill slopes shall not exceed the natural angle of repose of the soil or rock materials in the cut or fill, except where retaining walls or other structural stabilizations are used. Generally for soils, cut and fill slopes should not be steeper than two horizontal to one vertical (50% slope).

(h) Fill slopes shall avoid all natural slopes of two horizontal to one vertical (50%) slope or steeper. The toe of fill slopes shall not be located within 12 feet horizontally of the top of an existing or proposed cut slope.

(i) Tops and bottoms of cut and fill slopes shall be set back from existing and proposed property lines a distance at least equal to the lesser of three feet plus 1/5 of the height of the cut or fill or 10 feet.

(j) Tops and bottoms of cut and fill slopes shall be set back from structures a

distance that will ensure the safety of the structure in the event of the collapse of the cut and fill slopes. Generally, such distance will be considered to be six feet plus 1/5 of the height of the cut and fill but need not exceed 10 feet. Nevertheless, a structure may be built on a slope or at the toe of a slope if it is designed to retain the slope and to withstand the forces exerted on it by the retained slope.

(k) The use of explosives shall be avoided to the maximum extent practicable. Generally, disturbance of rock outcrops shall be by means of explosives only if manual labor and machines are not effective and only if rock blasting is conducted in accordance with the Village Code and all other applicable regulations by a person holding a current Class A or Class B certificate of completion from the New York State Department of Labor.

(l) Any disturbance of steep slopes shall be completed within one construction season, and disturbed areas shall not be left bare and exposed during winter and spring thaw periods for more than 30 days. Loose excess rock resulting from permitted blasting or otherwise shall be removed as part of the required completion of disturbance work.

(m)     The disturbance of existing vegetative cover shall not take place more than 15 days prior to commencing grading and construction.

(n) Temporary soil stabilization shall be applied within two days after the disturbance is completed or when no additional disturbance is to be performed for a period of seven days. Upon good cause shown and based upon consideration of the slopes, soils and environmental sensitivity of the area involved, the Village Engineer may modify these specified time periods.

(o) Measure for the control of erosion and sedimentation shall be undertaken in accordance with the New York State Soil and Erosion Control Guidebook, or its satisfactory equivalent to the approving authority.

(p)     Topsoil that will be stripped from all areas of disturbance shall be stockpiled in a manner so as to minimize erosion and sedimentation, and shall be replaced on the site at the time of final grading.

(q) Fill materials shall be composed only of nonorganic material, including rock with a diameter that will allow for appropriate compaction and cover by topsoil, subject to § 130-4 of the Pomona Code.

(r) Compaction of fill materials in fill areas shall be such that it ensures support of proposed structures and stabilization for intended uses.

(s) Protect those areas at elevation datum of 50 feet or less than the elevation datum of the ridgeline.

(t) The protection of existing trees and other vegetation where feasible. A protected tree, as defined in this chapter, shall be preserved unless such tree endangers the health or safety of any person or interferes with

construction of a structure on the lot or is a dead tree as determined by a landscape architect or similar professional. The Planning Board may require relocation of a proposed structure in order to preserve any trees on the property. In reviewing applications for site development plan in connection with steep slopes, the Planning Board shall have authority to vary the minimum frontage, front yard, side yard and rear yard requirements of § 130-12 of this Code provided such variance does not exceed 40% of any of said requirements and provided the Planning Board determines that said variance is necessary in order to limit disturbance of the slope on the lot or to preserve trees or other vegetation thereon. The Planning Board shall not vary minimum lot width or the lot frontage required for flag lots pursuant to Subsection C of § 130-12 of this Code. The Planning Board may also require the planting of additional trees, shrubs or other vegetation for the purpose of protecting the slopes from erosion and to enhance the aesthetics of the site. A note shall be added to the site development plan to read "Any tree that is removed in violation of a clearing limit line, tree map or landscape plan shall be replaced with one or more trees of similar size and species to be determined by the Planning Board. No work shall be performed on the site until the Planning Board has approved a plan for tree replacement and has determined when the planting shall take place." [Added 9-27-2004 by L.L. No. 6-2004[76]; amended 2-28-2005 by L.L. No. 1-2005]

(u)     The Planning Board shall have the authority to require phased site development plan review whether or not recommended by the Building Inspector or Village Engineer, and regardless of the source of the information upon which the Planning Board bases its decision to require phased site development plan review. In the event that the Planning Board decides to adopt the recommendations of the Building Inspector, Village Engineer or professional planner for phased site development plan review, or in the event that the Planning Board decides to require phased site development plan review based upon information or recommendations other than the recommendation of the Building Inspector, Village Engineer or professional planner, the phases shall include, but not necessarily be limited to, tree clearing, structural measures for erosion control installation, drainage improvements, driveway installation and construction of the building. Each such phase shall require a separate written certificate of compliance, to be issued by the Building Inspector, upon his being satisfied that the required work for each such phase has been satisfactorily completed. Such certificate of compliance shall contain an authorization for the builder to proceed to the next succeeding phase, if any. There shall be mandatory inspection of each building site to which this chapter shall be applicable, after each rain event, as well as biweekly, whether or not there is a rain event. [Added 12-23-2002 by L.L. No. 7-2002]

(v) No trucks in excess of 10,000 pounds gross weight shall be permitted to make

---

[76] .   Editor's Note: This local law also redesignated former Subsection C(6)(t) and (u) as (u) and (v), respectively.

deliveries to the site before 9:00 a.m. or after 6:00 p.m. Mondays through Fridays nor at any time during weekends and holiday. [Added 9-23-2003 by L.L. No. 7-2003]

(w)    Protection of all wetlands in accordance with the requirements of Chapter 126 of this Code, the New York State DEC and the U.S. Army Corps of Engineers. [Added 4-23-2007 by L.L. No. 5-2007]

D.    Public hearings. For any application in which the approving authority is the Village Engineer, no public hearing will be required. For any application where the Planning Board is the approving authority, the Planning Board shall hold a public hearing in accordance with § 118-32F of this Code. Nothing in this section is to be considered as authorization for a default approval in the event that these periods are exceeded.

E.    Any approval, conditional approval or denial of a site development plan permit will be in writing. The written decision of the approving authority shall be considered the site development plan permit.

(1)    In the case of a denial or conditional approval, such written decision will state the reasons for the denial and/or the conditions of approval.

(2)    Where the Planning Board is the approving authority, such decision will be in the form of a resolution.

**§ 119-8. Appeals.**

A.    An applicant or any other aggrieved person may seek a review of a determination by the Planning Board to grant or deny a site development plan permit by the commencement of an action pursuant to the provisions of Article 78 of the Civil Practice Law and Rules within 30 days of the filing of such a determination with the Village Clerk.

B.    In the case of an application decided by the Village Engineer, the applicant or any other aggrieved person may seek a review by appealing to the Planning Board, in which case the Planning Board shall become the approving authority for such application. Such review shall be requested not later than 20 days after the filing of the subject decision by the Village Engineer. If the appeal is not filed within said period, the determination of the Village Engineer shall be final and binding.

**§ 119-9. Completion of work.**

A.    A site development plan permit issued by the approving authority shall be valid for three years, except that all permits shall expire upon the completion of the work specified. The approving authority may grant one six-month extension to this three-year period, provided that an application for an extension is submitted at least 60 days before the expiration of the steep slope permit. Standards for the issuance of renewals will be the same as those applied to the initial issuance. Permits, including all of their conditions, shall be binding on successors and assigns of the applicant. Upon receipt of a site development plan permit, the applicant may obtain a work permit from the Building Inspector to commence the actual work within the steep slope area. The work permit will be valid for a period of one year or until expiration

of the site development plan permit, whichever occurs first.

B.    Following completion of the work, the applicant shall submit a certification by a landscape architect, architect or professional engineer that the site work meets the requirements of the permit and a certification by a structural engineer that any retaining walls are structurally sound and comply with the requirements of site plan approval and the New York State Building Code. [Amended 8-15-2005 by L.L. No. 3-2005]

C.    The Building Inspector shall not issue a certificate of occupancy or use until the Village Engineer has verified that all work has been completed in accordance with the site development plan permit.

D.    Any proposed revision work covered by a site development plan permit shall be reviewed by the Village Engineer. Where the Village Engineer determines that a substantial revision is proposed, the submission of a new application to the approving authority shall be required.

E.    The approving authority may suspend or revoke a site development plan permit in the form of a stop-work order if it finds that the applicant has not complied with any or all of the terms of such permit, has exceeded the authority of the permit or has failed to undertake the project in a manner set forth in such permit. The applicant will be provided with a written notice of a stop-work order. Said notice shall be delivered personally or by certified mail addressed to the applicant's address as shown on the permit. Such applicant shall be entitled to a hearing before the approving authority. If such hearing is requested by the applicant in writing within five days after the receipt of the stop-work-order, such hearing will be scheduled within 15 days after the receipt of the request for a hearing. After the close of the hearing, the approving authority may confirm, modify or cancel the stop-work order. The approving authority shall set forth in writing, in the site development plan permit application file it keeps, its findings and reasons for revoking or suspending a site development plan permit issued pursuant to this section.

ARTICLE IV

Enforcement

§ 119-10. Inspection.

Any site for which an application has been submitted shall be subject to inspection at any reasonable time, including weekends and holidays, by the members of the approving authority or its designated representatives. Notice will be provided to applicants of any site inspection that it is to be performed on a weekend, legal holiday or between the hours of 6:30 p.m. and 8:00 a.m. The applicant shall indemnify and hold the Village, its officers, employees and agents harmless against any damage or injury which may be caused by or arise out of entry into the subject site in connection with the processing of the application or inspection of the site to determine compliance with any conditions of permit approval during the pendency of the application, during the effective period of any site development plan or work permit issued for the site for up to one year after the completion of the work.

### § 119-11. Penalties for offenses.

A.    Any person who undertakes any regulated activity within a steep slope area without both a site development plan permit and a work permit or who violates, disobeys or disregards any provision of this chapter shall be liable for a civil penalty not to exceed $3,000 for each such violation. Each consecutive day of the violation shall be considered a separate offense. Before assessment of the civil penalty, the alleged violator shall be afforded a hearing or opportunity to be heard before the Planning Board upon due notice, and with rights to specification of the charges and representation by counsel. Such civil penalty may be recovered in an action brought by the Village in any court of competent jurisdiction. Such civil penalty may be released or compromised by the Village, and any action commenced to recover the same may be settled and discontinued by the Village.

B.    The Planning Board shall also have the power, following a hearing, to issue orders directing the cessation of any violation of this chapter and the satisfactory restoration, under the Board's supervision, of the affected steep slope area to its condition prior to the violation, insofar as possible, within a reasonable period of time as determined by the Planning Board. The exercising of such power may be with or without the imposition of a civil penalty under Subsection A hereof.

C.    Any civil penalty or order issued by the approving authority shall be reviewable pursuant to Article 78 of the Civil Practice Law and Rules. Application for review of the determination of the approving authority shall be within a period of 30 days of the filing of said determination in the office of the Village Clerk.

D.    In addition to the above civil penalty, any person who violates any provision of this chapter shall be guilty of a violation, punishable by a fine not less than $1,000 nor more than $2,000 or a term of imprisonment of not more than 15 days, or both. Each offense shall be a separate and distinct offense and, in the case of a continuing offense, each day's continuance thereof shall be deemed a separate and distinct offense. Notwithstanding the imposition of any other sanction, any court having competent jurisdiction may order the restoration of any area that has been affixed by a violation of this chapter, on such conditions as the court deems appropriate.

E.    The Village shall have the right to seek equitable relief to restrain any violation or threatened violation of any provision of this chapter and to compel the restoration of the affected steep slope area to its condition prior to the violation of the provisions of this chapter.

### § 119-12. Effect on existing operations or construction.

Any construction or operations existing within areas defined as steep slopes prior to the effective date of this chapter shall be exempt from this chapter, provided that no new construction or operation will be permitted after the effective date for this chapter except by permit as provided.

### § 119-13. Severability.

If any provision of this chapter is held for any reason to be invalid, such determination shall not invalidate any other provision thereof. If this chapter, or any provision thereof,

is held to be violative of vested rights in any subdivision approved prior to the effective date of this chapter, this chapter shall not be applicable to such subdivision but shall nevertheless be applicable to all other properties not so affected.