EXHIBIT 13



# DONALD TIRSCHWELL
### Attorney at Law

108 NEW HEMPSTEAD ROAD *New City, New York 10956*    TEL. (845) 634-4667
FAX (845) 634-6962

January 30, 2007

**VIA FAX & MAIL**
Jonathan G. Offenkrantz, Esq.
Toll Brothers Inc.
250 Gibraltar Road
Horsham, Pennsylvania 19044
(215-938-8255)

     RE:   Agreement dated November 7, 2005 (as amended,
           the "Agreement"), between Briarwood Farms, Inc.
           ("Seller") and Toll Bros. Inc. ("Purchaser")
           Our File No. 136499

Dear Mr. Offenkrantz:

Reference is made to your January 22, 2007 letter.

Before dealing with each of the issues raised, this is to advise
you that Seller disagrees with the conclusions of your referenced
letter and is, by a copy of this letter to Isaac S. Scheiner,
Esq., Seller is directing Isaac S. Scheiner, Esq. not to return
the deposit letter of credit to Toll Bros. by overnight mail (or
by any other means).

Item numbers correspond to your referenced numbered items.

<u>Item 2:</u> You indicate that Toll Bros. maintains their objection
that Klingher Court is not permitted for construction traffic,
which construction traffic is only permitted through Lot 13.

At the time that the Contract of Sale was signed, Atzl, Scatazza
& Zigler's, Halley Estates II Plan reflected Note 31 which read
and reads as follows:

     "The existing driveway on Lot 13 shall be utilized for
     construction equipment, supplies and workers from Call
     Hollow Road into this site.  Project sign prohibiting
     delivery at Klingher Court shall be posted at Klingher Court
     and Call Hollow Road."

TB 004

DONALD TIRSCHWELL
Attorney at Law

Page 2

This note has not changed from the plan reviewed by Toll Bros.
prior to executing the Contract of Sale, during Purchaser's due
diligence, and any plans or any environmental submissions
thereafter by the Seller.

In view of the fact that Toll Bros. has refused Seller's offer
to repave Klingher Court after all construction has been
completed, Seller's offer is withdrawn and Purchaser is obligated
to go forward with the purchase and to abide by the conditions of
the Subdivision Map Note 31.

Seller rejects Purchaser's objection to this Note, as the Note
was "as clear as the nose on your face" at time Toll Bros.
reviewed the proposed subdivision plat, during the due diligence
period and has not changed in any manner, shape or form.

Item 3: During the due diligence period, Toll Bros. had the
obligation and the opportunity of reviewing the Village's
Subdivision Regulations and Zoning Code.  The Zoning Code and
subdivision regulations have not changed since the date the
Contract was signed or since the date that the due diligence
period expired.  In order for the Purchaser to obtain building
permits, Purchaser must comply with the Village Codes.  It is
impossible to comprehend Toll Bros. claiming that "they did not
know that the gun was loaded".  The referenced requirement "has
been on the books" of the Village and if it was missed by Toll
Bros., that is Toll Bros. fault and not an obligation of Seller
or a basis for Toll Bros. to claim cancellation of the Contract
of Sale.

The Village's steep slope ordinance does not permit the Village
to deny a building permit, however, the steep slope ordinance
does permit the Village Planning Board to require certain
conditions as to those lots which are subject to the steep slope
ordinance.  Again, the steep slope ordinance was "on the books"
when the Contract was signed and during a due diligence period.

Toll Bros. has no right to cancel the Contract because they
failed to take notice of the Village's steep slope requirements.

Item 5: Your December 22, 2006 letter indicates that the December
31, 2005 memo, page 1, sheet 13, number 1, maximum slope of 4%
must be carried in the cul-de-sac.  This is a requirement of the
Village Code and Subdivision Regulations.  Toll Bros. requested

DONALD TIRSCHWELL
*Attorney at Law*

Page 3

and was granted a due diligence period during which period,
Purchaser had the right to review of the

Village Codes, Laws, Subdivision Regulations, etc. Toll
Bros. failure to discover that the maximum slope of 4% must be
carried in the cul-de-sac, as required by the Village Code. If
Toll Bros. was not granted a period of due diligence, then
possibly one could understand the claim made in your letter,
however, Toll Bros. conducted their due diligence, and if faulty,
is not Seller's fault or a basis for a cancellation of the
Contract of Sale.

Item 7: Toll Bros. objection with respect to item 7 relates to
the fact that the Village is requiring a diversion of a stream.

As indicated in my letter, Toll Bros. engineers will verify the
fact that during construction of Lots 26, 27 and 28, it would be
impossible to have any meaningful erosion control to protect the
offsite stream which is below the steep slope bank in the rear of
those lots.

My letter indicated three (3) alternatives. Your January 22,
2007 letter indicates that you have not received any information
or clarification on two (2) other proposals and cost estimate for
Seller's proposed reimbursement to address the problem. Further,
you indicate that you are unclear as to who will be the
beneficiary of any easements and who will be responsible for
maintenance of the drainage facilities.

Village easements that are dedicated to the Village, as
indicated, are maintained by the Village of Pomona. It is
hornbook law that maintenance of easements owned by the
municipality are the municipality's responsibility and not the
homeowners' responsibility.

Your letter indicates that there are no details for Seller's two
(2) alternatives.

In the event Purchaser elects to omit the three (3) lots from the
purchase, the formula for the reimbursement for lots to be
omitted includes per lot proportionate reduction of the price,
reimbursement of the cost of all subdivision public improvements.
This is a simple calculation with all costs of installation of
all of the public improvements divided by the number of lots,

DONALD TIRSCHWELL
*Attorney at Law*

Page 4

times the number of lots omitted.  If there is overhead associated with the installation of the public improvements, Toll Bros. would be entitled to reimbursement from the seller for 3/40th of such overhead costs.

By reason of fluctuating costs of materials such as asphalt, it is proposed that a closing escrow should be established to assure that if costs rise, Toll Bros. will be made whole.

Seller is willing to provide an agreement that three (3) omitted lots will not be improved by construction of dwellings until Toll Bros. has sold the homes on the remaining lots.

The second alternative is an appraisal of the value of the lots with the easement and the value of the lots without the easement, Seller granting a closing credit for the differential in the appraised value for each of the three (3) lots.

Item 8.  Landscaping requirements are part of the Village requirements.  The site landscaping requirement is part and parcel of the approval process.  A claim of refusal to mark the trees for saving which are located within the proposed building envelope or area of disturbance, is contrary to a reasonable Village requirement.  Certainly, if Toll Bros. is concerned about value of lots, lots have a greater value if there are more trees saved then destroyed.  To make the entire building envelope devoid of any trees is not environmentally friendly, decreases the value of each of the lots and is a reasonable requirement by the Village.

This objection and the other objections clearly indicate that Toll Bros. has no intention of going forward with this transaction and is exploring a methodology pursuant to which Toll Bros. can claim that Seller was unable to fulfill the Contract of Sale.  Seller submits that there are variables which do occur when there is an application pending for preliminary approval and that the Seller has fulfilled Seller's obligation with respect to each of the conditions.

Presumably, Toll Bros. will continue with their objections. Please confirm this fact so that the issue may be brought "to a head".

DONALD TIRSCHWELL
*Attorney at Law*

Page 5

Should you have any questions relating to this matter, please do
not hesitate to contact me.

Very truly yours,

Donald Tirschwell

DT/kab

cc:  Briarwoods Farms, Inc.
     Isaac S. Scheiner, Esq.

TB 008