UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

BRIARWOOD FARMS, INC.                    Index No. 07 civ. 3657 (CLB)

                Plaintiff,
   - against -                          **AFFIRMATION**

TOLL BROS., INC.

                Defendant.
------------------------------X

STATE OF NEW YORK  )
                      ) SS.:
COUNTY OF ROCKLAND )

    Joseph Herskowitz, affirms under penalty of perjury::

    1.    I am the vice-president of Plaintiff, Briarwood Farms, Inc. ("Briarwood") and as such I am fully familiar with the facts and circumstances contained herein.[1]

    2.    I have been a developer in Rockland County and the lower Hudson Valley for over twenty-five years. During that time, my companies have built more than twenty-five subdivisions containing over eight hundred homes.

    3.    I have read the affidavit of Daniel Zalinsky, senior V.P. of Toll ("Zalinsky"). Although not germane to the legal issues based upon undisputed facts which warrant the granting of summary judgment in Briarwood's favor, Zalinsky's affidavit contains factual statements which are inconsistent with reality, and which need to be addressed solely to avoid the argument that Briarwood tacitly agrees with such statements.

    4.    For example, Zalinsky states that home owners find it more desirable to live on a cul-de-sac with a 10% grade as compared to a 4% grade. In my experience, I have found no measurable difference in consumer preference for living on a very steep cul-de-sac as compared to a moderately graded cul-de-sac. Certainly, Zalinsky provides no study which would support

---

[1] The Court should note that the spelling of my first name is sometimes, Yosef.

his contention. While I have never experienced any indication of consumer preference to live on a steep cul-de-sac, logic dictates that many consumers would wish to avoid the snow and ice problems which would be associated with living on a 10% grade cul-de-sac.

5. Perhaps the most absurd statement is Zalinsky's unsupported statement as to the difference of cost in building the cul-de-sac with a 4% grade as compared with a 10% grade. In reality, when the excavation crews are on site carving the roads, it would take minimal addition effort to excavate to a 4% grade cul-de-sac. Certainly, any additional cost would not exceed $25,000.00.

6. Putting things in perspective, the contract price in this case was $13,325,000. Assuming *arguendo* that it would cost an additional $25,000.00 to obtain a 4% cul-de-sac grade, that translates to less than two-tenths of one percent (0.2%) of the total cost.

7. Like Briarwood's willingness to pay Klingher Road at its expense to facilitate this transaction, Briarwood had indicated to Toll that it would bear any additional cost to obtain the 4% cul-de-sac grade required by the Village Engineer. Indeed, in the letter of our counsel dated December 28, 2006, a copy of which is annexed as Exhibit A, it is stated:

> The maximum of four percent must be carried in the cul-de-sac reflects a mistake in the original map. Seller will grant an allowance to Purchaser at title closing for the cost of remediation of this error in the subdivision map, which was reviewed by Purchaser. It should be pointed out, that the error in the subdivision map should have been revealed to Purchaser during their due diligence, however, Seller would rather not litigate the issue and will pay the differential. Seller's estimate will be forwarded with the next few weeks.

8. Of note, Toll never provided us with such an option. Instead, since the values of real property in Rockland County had declined, as they had nationwide, it became apparent that Toll was looking for excuses to repudiate the Contract.

9. As Briarwood was diligently pursuing the final subdivision approval, at every step with the advice and consent of Toll's engineers and businessman, Toll knew that they would

have to dig deep to fabricate issues to create a bogus right to repudiate. As set forth in the moving papers, and in the accompanying affirmations of Joseph J. Haspel and David Zigler, Toll's fabricated issues do not hold water.

_____
Joseph Herskowitz

Affirmed to before me this 9th
Day of July, 2008

_____
Notary Public

MARY H. DENATO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DE6063740
Qualified in Rockland County
My Commission Expires September 10, 2009